BESSIE YOUNG V. THE STATE.

No. 11326.    Delivered January 18, 1928.

1.—Possessing  Intoxicating  Liquor — Statement  of  Facts — Must  Be Approved and Filed.

Where a statement of facts does not show to have been approved by the trial judge, nor filed with the clerk of the court below, same cannot be considered on appeal by this court.

2.—Same—New Trial—Newly Discovered Evidence—Properly Refused.

Where appellant requests a new trial on the ground of newly-discovered evidence, of a witness who testified upon the trial, but presenting an affidavit as to what he would have testified had he been cross-examined presents no newly-discovered evidence that would warrant a new trial being granted.

Appeal from the District Court of Falls County. Tried below before the Hon. E. M. Dodson, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.— Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

There appears as a part of this record a statement of facts which does not seem to ever have been approved by the trial court or filed in the office of the clerk of the court in which the case was tried. The record contains one bill of exceptions, which complains of the refusal of a new trial sought on account of newly-discovered testimony of Dr. M. A. Davison. Doctor Davison was a witness on the trial of this case, and as shown by the qualification of the bill of exceptions referred to, appellant did not cross-examine him, though informed by the court of her right so to do. Having failed to ask the witness any questions when the case was on trial, we are impelled to believe that an affidavit made by him as to what he would have testified had he been so cross-examined, presents no new discovered testimony.

No error appearing, the judgment will be affirmed.

*Affirmed.*